## NELLIE S. EVANS *vs.* CITY OF PORTLAND.

### Cumberland.    Opinion May 8, 1903.

*Sewer.   Municipal Corporation.   Land Owners' Rights.   R. S., c. 16, §§ 4, 9.*
*Stat. 1857, § 2.*

The right of action against a town, for not maintaining and keeping in repair a public drain or sewer, is given by R. S., c. 16, § 9, to those only who have a right to enter the sewer.

Written application to the municipal officers, distinctly describing the land to which it applies, is an essential prerequisite to their power to grant such right.

A permit from the municipal officers to enter such sewer runs with the land; but a party cannot claim under such a permit granted to one who was a stranger to the title at the time it was given.

A permit to enter a sewer upon Fore Street does not authorize the entry of a sewer upon Hancock Street not a part of, nor an extension of, the sewer on Fore Street.

On report.   Judgment for defendant.

Action on the case under R. S., c. 16, § 9, to recover damages for failure to maintain and keep in repair a public drain, with which the plaintiff alleged she had the right to connect her premises.

The case appears in the opinion.

*D. A. Meaher,* for plaintiff.

Counsel cited: *Blood* v. *Bangor,* 66 Maine, 154; *Franklin Wharf Co.* v. *Portland,* 67 Maine, 46, 24 Am. Rep. 1; *Estes* v. *China,* 56 Maine, 407; *State* v. *Portland,* 74 Maine, 268, 43 Am. Rep. 586; *Bates* v. *Westborough,* 151 Mass. 174; *Allen* v. *Boston,* 159 Mass. 324, 38 Am. St. Rep. 423; *Coan* v. *Marlborough,* 164 Mass. 206; *Evansville* v. *Decker,* 84 Ind. 325, 43 Am. Rep. 86; *Burns* v. *Cohoes,* 67 N. Y. 204; *Seifert* v. *Brooklyn,* 101 N. Y. 136, 54 Am. Rep. 664; *Carll* v. *Northport,* 11 N. Y. App. Div. 120; *Spangler* v. *San Francisco,* 23 Pac. Rep. 1091; *Child* v. *Boston,* 4 Allen, 41 and 53, 81 Am. Dec. 680; *Emery* v. *Lowell,* 104 Mass. 13; *Taylor* v. *Austin,* 32 Minn. 247; *Chalkley* v. *Richmond,* 88 Va. 402, 29 Am. St. Rep. 730; *Woodward* v. *Worcester,* 121 Mass.

245; *Parker* v. *Macon,* 39 Ga. 725, 99 Am. Dec. 486; *Kiley* v. *Kansas City,* 69 Mo. 102, 33 Am. Rep. 491.

C. A. *Strout,* City Solicitor, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. This is an action to recover damages resulting from the failure of the defendant city to maintain and keep in repair a public drain or sewer along Fore Street, with which the plaintiff alleges she had a right to connect the premises owned by her on the northwesterly side of said street.

The right of action is given only to those who have a right to connect with the sewer. R. S., c. 16, § 9. The plaintiff, among other things, must prove that she, or her predecessor in title, made written application to the municipal officers to enter and connect with this sewer, and that the municipal officers gave the applicant a written permit so to do. *Estes* v. *China,* 56 Maine, 407. She relies upon a permit from the City of Portland to James R. Dockray, dated March 17, 1857, "to enter a side drain from a lot of land belonging to him, situate on the northwest side of Fore Street, between the land of F. Lewis on the southwest, and land formerly belonging to Judah Chandler on the northeast, into the drain owned by the city extending along Hancock Street to tide waters." This permit was granted under Public Laws of 1854, c. 77, which, so far as this case is concerned, is the same in substance as R. S., c. 16. By section two of said act, "All applications for permits shall be in writing, and shall distinctly describe the land to which they apply. The privilege granted by such permit shall be available to the owner of the land described, his heirs and assigns, and shall run with the land." See R. S., c. 16, § 4. Application in writing distinctly describing the land is an essential prerequisite of the power of the municipal officers to grant the permit. The object of such a provision is manifest, to preserve a definite description of the land to which the permit applies, and the wisdom of it is well illustrated in the present case. This court in *Estes* v. *China,* above, held that the

plaintiff must prove such written application. The plaintiff has offered no evidence upon that point, and fails to sustain her action.

There are other and perhaps more meritorious objections to her case. The permit is to be available to the owner, his heirs and assigns, and is to run with the land. Plaintiff cannot claim under a permit granted to one who was a stranger to the title at the time it was given. The permit is dated March 17, 1857, and the documentary evidence introduced by the plaintiff shows that from April 25, 1854, to October 21, 1867, the plaintiff's premises were owned by one Lois Dunlap.

If neither of these objections existed, there is no proof that the plaintiff's premises are the same as those described in the permit. The only thing in common between them is that they are both on the northwesterly side of Fore Street. One of the deeds introduced by the plaintiff does show, however, that James R. Dockray prior to March 17, 1857, owned other land adjoining that of the plaintiff, for which it is not improbable he obtained the permit in question.

Finally, the complaint in the writ is of a public sewer or drain along Fore Street, and the permit is "to enter into the drain owned by the city extending along Hancock Street". The plaintiff never entered the drain on Hancock Street, but was connected with the one on Fore Street. After a careful examination of the case we are of the opinion that the weight of evidence is decidedly against her contention that the drain or sewer along Fore Street, of which she complains, is a part of or an extension of the one extending along Hancock Street, and named in Dockray's permit.

On all these several grounds the plaintiff has failed to show any right to enter the sewer along Fore Street, and the entry must be,

*Judgment for defendant.*